IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| **CARLTON E. SCOTT JR.** <br> Travis Co. Inmate #1016024 | § <br> § <br> § | |
| V. | § <br> § | A-10-CA-337-LY |
| **CITY OF AUSTIN, ART ACEVEDO, and** <br> **UNKNOWN POLICE OFFICER** | § <br> § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and the Motion to Dismiss, or Alternatively, Motion for Summary Judgment filed by Defendants Acevedo and the City of Austin. Plaintiff did not file a response thereto. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex. Plaintiff was subsequently released.

Plaintiff alleges on May 20, 2008, he was wrongfully arrested by an unnamed officer. According to Plaintiff, the officer stated he had a warrant for Plaintiff's arrest for delivery of a controlled substance, namely crack cocaine. Plaintiff asserts he was arrested despite his claim that he was innocent. Plaintiff alleges the arresting officer's actions were malicious in nature. According to Plaintiff, he was later found not guilty. Plaintiff contends Chief Acevedo instituted or willfully continued policies which allowed the officer to lie or to be deliberately indifferent to the truth when he obtained the warrant. Plaintiff sues the City of Austin, Chief Art Acevedo, and the unnamed officer. He seeks compensatory damages in the amount of $700,000.00.

The Court ordered service upon the City of Austin and Chief Acevedo. The Court informed Plaintiff service on the remaining officer, identified as Unknown Police Officer, would be ordered when the defendant was identified. The Court informed Plaintiff he had the obligation to provide the Court with the information needed to serve process on the unidentified officer. Despite the Court's order, Plaintiff never identified the officer. Accordingly, Plaintiff's claims against the unnamed defendant should be dismissed for want of prosecution.

Defendants City of Austin and Chief Acevedo move to dismiss Plaintiff's complaint. In the alternative, they move for summary judgment. They argue probable cause existed to arrest Plaintiff, and the grand jury's indictment of the plaintiff broke the chain of causation for the alleged constitutional violations. Defendants also argue that Plaintiff failed to identify an unlawful policy at issue. Defendant Acevedo further argues he is entitled to qualified immunity.

DISCUSSION AND ANALYSIS

A.   Standard of Review Under Fed. R. Civ. P. 56(c)

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Fed. R. Civ. P. 56(e); Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely

whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

  B. Qualified Immunity

Defendant Acevdeo is protected by the doctrine of qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). Immunity in this sense means immunity from suit, not merely from liability. Jackson v. City of Beaumont, 958 F.2d 616 (5th Cir. 1992). "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law." Brady v. Fort Bend County, 58 F.3d 173, 174 (5th Cir. 1995).

To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. Waltman v. Payne, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted). To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present "absolute proof," but must offer more than "mere allegations." Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991).

For several years, the Supreme Court required that the first of these criteria-whether plaintiffs' facts allege a constitutional violation-must be decided at the outset. Saucier v. Katz, 533

U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001). Recently, however, the Court reversed course, holding that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, --- U.S. ----, 129 S. Ct. 808 (2009).

      1.     False Arrest

Plaintiff has failed to allege a valid constitutional violation. The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures . . ." U.S. CONST. amend. IV. By its plain terms, the Fourth Amendment does not prohibit all searches and seizures--only those that are "unreasonable." Illinois v. Rodriguez, 497 U.S. 177, 183, 110 S. Ct. 2793, 2799 (1990); Bell v. Wolfish, 441 U.S. 520, 558, 99 S. Ct. 1861, 1884 (1979). To establish a constitutional violation based on false arrest, Plaintiff must show the arresting officers did not act with probable cause. Price v. Roark, 256 F.3d 364, 369 (5th Cir. 2001) (explaining that persons enjoy the constitutional right to be free from false arrest without probable cause); Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001) (same). Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." Glenn v. City of Tyler, 242 F.3d 307, 313 (5th Cir. 2001) (quoting Spiller v. Texas City, 130 F.3d 162, 165 (5th Cir. 1997)).

Once "facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest." Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir. 1994) (citing Wheeler v. Cosden Oil & Chem. Co., 744 F.2d 1131, 1132 (5th Cir. 1984)). False arrest claims may nevertheless be maintained if the plaintiff

affirmatively shows that "the deliberations of that intermediary were in some way tainted by the actions of the defendants." Taylor, 36 F.3d at 457 (quoting Hand v. Gary, 838 F.2d 1420, 1427 (5th Cir. 1988)).

Defendants' unrefuted summary judgment evidence shows Plaintiff was arrested pursuant to a arrest warrant on May 20, 2008. See Defendants' Exhibit 1 at 7. The summary judgment evidence further shows an indictment was filed against Plaintiff regarding this same incident on June 16, 2008. See Defendants' Exhibit 2. Plaintiff does not allege facts, much less affirmatively show, that the obtainment of the arrest warrant or the grand jury deliberations were tainted.

Summary judgment should be granted with regard to Plaintiff's false arrest claim, as the requisite chain of causation was broken by the arrest warrant and the grand jury's indictment. See Smith v. Gonzales, 670 F.2d 522, 526 (5th Cir. 1982) ("Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest. Such an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim.") (citation omitted). In addition, Plaintiff does not allege facts showing an affirmative policy violating the Fourth Amendment attributable to Defendant Acevedo, nor does he allege facts that a failure to maintain a more protective policy was "deliberately indifferent" to his rights. See City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989) (requiring deliberate indifference in failure to train cases).

  2. Malicious Prosecution

To the extent Plaintiff attempts to raise a federal civil rights claim under Section 1983 based on malicious prosecution his claim fails. Malicious prosecution, standing alone, does not state a constitutional violation. Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003) ("[C]ausing charges to be filed without probable cause will not without more violate the constitution. So defined,

the assertion of malicious prosecution states no constitutional claim."). Accordingly, Defendant Acevedo is entitled to qualified immunity.

    C.    <u>City of Austin</u>

A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. <u>Johnson v. Moore</u>, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. <u>Id</u>; <u>Collins v. City of Harker Heights, Tex.</u>, 916 F.2d 284, 286 (5th Cir. 1990), <u>aff'd</u>, 503 U.S. 115, 112 S. Ct. 1061 (1992). Thus, the City of Austin would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. <u>Bennett v. City of Slidell</u>, 728 F.2d 762, 768 (5th Cir. 1984), <u>cert</u>. <u>denied</u>, 472 U.S. 1016, 105 S. Ct. 3476 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." <u>Pembaur v. Cincinnati</u>, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299 (1986). As explained above, Plaintiff failed to identify a policy, practice or custom of the City of Austin that caused a deprivation of his constitutional rights.

RECOMMENDATION

It is therefore recommended that Plaintiff's claims brought against the defendant identified as Unknown Police Officer be dismissed without prejudice for want of prosecution. It is further

recommended that the Motion for Summary Judgment, filed by Defendants Acevedo and the City of Austin be granted, and their Motion to Dismiss be dismissed.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of August, 2010.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE